Ramey must be entitled to a judgment against Carbo because the jury had found him 25% at fault.

 A jury verdict allocating fault but finding no damages for the plaintiff is not necessarily inconsistent. *See White v. Otten,* 810 S.W.2d 704, 705 (Mo.App.1991). There was evidence to support a finding Ramey suffered no physical injuries from the collision. Ramey testified he had no black or blue marks on his body after the collision. Prior to the event he had been treated for neck, upper and lower back injury, and shoulder pain. By deposition, Ramey's doctor testified the injuries he complained of were "substantially the same as those complaints voiced by Mr. Elliot during the previous 21 years." Therefore, the award of zero damages for Ramey is supported by the evidence and the verdicts are not fatally inconsistent.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.

**Hessam GHANE, Appellant,**

v.

**Parivash MANOUCHEHRI, Respondent.**

**No. WD 51664.**

Missouri Court of Appeals,
Western District.

Sept. 3, 1996.

David Cooper, Kansas City, for appellant.

Steven Wolcott, Liberty, for respondent.

Before HANNA, P.J., and SMART and EDWIN H. SMITH, JJ.

**ORDER**

PER CURIAM.

Hessam Ghane appeals from the circuit court's decree of dissolution awarding Parivash Manouchehri, his wife, $54,000, which he contends belonged to his sister. Judgment affirmed. Rule 84.16(b).

**Fate MARTIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 69983.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 3, 1996.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

**ORDER**

PER CURIAM.

In his Rule 24.035 motion, Movant alleges his trial counsel failed to investigate and discuss potential witnesses and the potential outcome of his case if it went to trial. The motion court denied his motion without a hearing. An extended opinion would have no precedential value. The parties have been furnished with a memorandum for their in-